**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER 1:20-CR-65-MJT** |
| § | |
| § | |
| **STEPHANIE GARCIA WHITE** § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Defendant, Stephanie Garcia White ("White"), filed a *pro se* Motion for Early Termination of Supervised Release on June 5, 2024. (Doc. #42.) White's supervising Probation Officer in the Eastern District of Texas prepared a report stating that the probation office is opposed to early termination of supervised release. The Government is also opposed to White's request. Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, and a specific referral order (doc. #43), this motion is before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

### I. BACKGROUND

On April 27, 2021, White was convicted of Wire Fraud and sentenced to 18 months' imprisonment and 3 years of supervised release subject to the standard conditions of release plus special conditions to include: financial disclosure; credit restrictions; mental health treatment; no fiduciary position without notification of instant offense to employer and verification from the probation officer; $61,873.93 in restitution; and a $100 special assessment. On June 6, 2022, White completed her imprisonment sentence and began her term of supervised release in the Eastern District of Texas.

In her motion, White asks the court to terminate her supervision after serving two years of her supervision term. (Doc. #42.) She states that she has successfully complied with the terms of her release, has been gainfully employed, has been paying her restitution as ordered, and has serious medical conditions that require her to travel for appointments. (*Id.*) White previously filed a motion for early termination of her supervised release based upon these same reasons, which was denied. (Docs. #40, #41.)

## II. DISCUSSION

A court may, after considering the factors set forth in section 3553[1], terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90- 00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022). Compliance with the terms of supervised release and with the law alone is not enough to merit early termination because such conduct is expected and required. *United States v. Seymore*, No. CR07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)). There must be a showing of "exceptional circumstances to justify the court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *United States v. Hartman*, No. 3:00-CR-228-B, 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013), *R. & R. adopted*, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *see also United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior.") (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013), *R. & R. adopted*, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020)).

Although it appears that White has been compliant while on supervised release, the court agrees with probation and the government that her compliance merely demonstrates that she is fulfilling the baseline expectation for anyone on supervised release. "[C]ompliance with the terms of supervised release and with the law alone is not enough to warrant early termination; such conduct is expected and required." *Guidry*, 2020 WL 908542, at *1.

Over the course of three years, White made 41 wire transfers from her employer's bank account to pay her personal credit card debt. (Doc. #2.) She also delayed taking accountability for these crimes for more than a year. Further, White has a history of theft-related behavior, which

3

suggests a heightened risk for recidivism. While White's compliance to date should be commended, continuing her on supervision would provide her the best opportunity for success. Requiring White to complete her entire term of supervised release will ensure that she continues her mental health treatment and payment of her hefty restitution balance. It also safeguards against the reoccurrence of criminal activity and protects the community.

Generally, early termination of supervised release is not granted unless there are serious medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. *See United States v. Andrews*, No. 3:15-CR-2-CWR-LRA-1, 2022 WL 21295450, at *3 (S.D. Miss. Feb. 11, 2022); *United States v. Pittman,* No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020). Although White has medical conditions requiring treatment, the probation office approves her travel for any necessary appointments and will continue to do so. White does not identify any circumstances in her motion requiring early termination and is instead seeking such simply for complying with the conditions imposed by the court. Although White appears to be on the right path, the court believes that completion of her full term of supervised release appropriately reflects the seriousness of her offense, deters future criminal conduct, and provides the needed structure for her continued rehabilitation.

### III. RECOMMENDATION

Accordingly, for the reasons stated herein, the Defendant's motion (doc. #42) should be DENIED.

### IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing,

(2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 24th day of July, 2024.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE